UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN WASHINGTON** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE** |
| **SAFEPOINT INSURANCE COMPANY** | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Safepoint Insurance Company ("Defendant"), without waiving any of its defenses or objections, who respectfully submits this Notice of Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, of the above-styled manner, which was originally filed in the Civil District Court for the Parish of Orleans, State of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between all properly joined parties and the amount in controversy requirement is satisfied. The specific grounds for removal are as follows:

1.

Glenn Washington (hereinafter, "Plaintiff"), filed a lawsuit on August 24, 2022, styled *Glenn Washington versus Safepoint Insurance Company*, Civil Action No. 2022-5169, Division "B", on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter, "State Court Action") against Safepoint Insurance Company. The suit arises out of alleged damages to Plaintiff's property as a result of Hurricane Ida.[1]

---

[1] *See* Copy of State Court Record attached as Exhibit 1.

Plaintiff alleges that his property located at 1725 A-C Nunez Street, New Orleans, Louisiana 70114 sustained damages as a result of Hurricane Ida. Plaintiff alleges that his insurer, Defendant, tendered insufficient funds to Plaintiff and did not adequately adjust his claim.[2] Plaintiff seeks various damages based on the alleged loss occurring in Orleans Parish.[3]

**I. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §1332.**

2.

This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

    **A. Plaintiff is a citizen of Louisiana.**

3.

Plaintiff, Glenn Washington, at the time he commenced the State Court Action, was a resident and domiciliary of the State of Louisiana as alleged in the Petition for Damages attached as Exhibit 1.

    **B. The Defendant is diverse from the plaintiff.**

4.

Defendant, Safepoint Insurance Company, at the time the State Court Action was commenced, was and still is a foreign corporation.[4] Safepoint Insurance Company is incorporated

---

[2] *Id.*
[3] *Id.*
[4] *See* Exhibit 2.

in Florida.[5]  Safepoint Insurance Company's principal place of business is also in Florida.[6] Safepoint Insurance Company is domiciled in Florida.[7] Thus, Defendant is diverse from Plaintiff.

5.

The complete diversity requirements of 28 U.S.C. §1332(a) are satisfied in this case, because Plaintiff does not share citizenship with the Defendant.

**C. The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

6.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[8]

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[9]

Accordingly, Defendant presents the following facts and evidence which establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold of $75,000.00:

7.

Plaintiff's Petition for Damages alleges that Defendant inspected the Property and provided an estimate that failed to adequately account for the full extent of damages to the property.[10]

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).
[9] *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[10] Exhibit 1.

Additionally, the Plaintiff went on to claim that he was tendered an inadequate amount of proceeds for his damages, despite receiving $11,668.32 from Defendant. Plaintiff further asserts that he retained experts that inspected the property and created an estimate of damages that documented significantly more damages to the dwelling and other structures than Defendant's estimate.[11] Upon information and belief, Plaintiff alleges that the total amount of loss to the property is $218,386.93.[12]

8.

Plaintiffs seek to recover the following damages: (1) diminution of the value of the property; (2) actual costs for repairing the property; (3) reimbursement for personal repairs at the property; (4) actual costs related to personal property manipulation, cleaning, repair, and/or replacement; (5) damages to personal property/contents; (6) additional living/loss of use expenses; (7) mental anguish; (8) penalties delineated in La. R.S. 22:1892 and 22:1973; (7) and attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.[13]

9.

Based on Plaintiff's claims for the alleged contractual damages alone, it is apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332(a). Upon information and belief, Plaintiff has alleged that the total amount of loss is $218,386.93.[14] The difference between Plaintiff's valuation and the payment made to date far exceeds the jurisdictional threshold at

---

[11] *Id.*
[12] *See* Exhibit 3.
[13] Exhibit 1.
[14] Exhibit 3.

4

$206,718.61.  Moreover, plaintiff claims that he is entitled to the exorbitant penalties allowed under La. R.S. 22:1892 and 22:1973.

10.

La. R.S. 22:1892 allows for "a penalty in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount to be due as well as reasonable attorneys fees and costs." La. R.S. 22:1892 (B)(1)(2021).  Applying this calculation to the facts of the subject matter, as alleged by plaintiff, plaintiff seeks a 50 % penalty of $103,359.30, in addition to the $206,718.61 in alleged contractual damages as calculated in Paragraph 9 above.

11.

Plaintiff's claims for contractual damages and penalties under La. R.S. 22:1892 establish an amount in controversy more than four times the jurisdictional threshold of $75,000.00. However, in an abundance of caution, Defendant notes that plaintiff also seeks damages under La. R.S. 22:1973.  La. R.S. 1973 allows for the following penalties: "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."  La. R.S. 22:1973(C)(2021). Again, applying the penalty calculation proscribed by La. R.S. 1973 to the facts alleged by plaintiff, as set forth in his Petition for Damages, plaintiff seeks a $413,437.22 penalty against Defendant in addition to the contractual damages, attorney's fees, costs, and interest sought.  This penalty alone is over five times the $75,000.00 jurisdictional threshold for removal.

12.

Finally, in connection with plaintiff's claims for damages under La. R.S. 22:1973, Defendant notes that under Louisiana law, damages for mental anguish are recoverable under the statute imposing the duty on insurers to act in good faith and engage in fair claims settlement practices. Based on plaintiff's claims for damages under La. R.S. 22: 1973, quantum research was performed to evaluate the amount in controversy, specifically as to mental anguish under La. R.S. 22:1973. Past mental anguish awards have been as much as $125,000.00. *Orellana vs. Louisiana Citizens Property Insurance Corporation,* 972 So.2d 1252, 1256 (La. App. 4 Cir. 12/05/07); *see also Leland vs. Lafayette Insurance Company*, 77 So. 3d 1078, 1090 (La. App. 3 Cir. 11/09/11) (affirming a mental anguish award of $45,000 per plaintiff under La. R.S. 22:1973). Based on the quantum research, the mental anguish damages under La. R.S. 22:1973 could total up to $125,000.00, if proven.

## II. The Procedural Requirements for Removal are Satisfied.

13.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing Orleans Parish, Louisiana – where the state court action is pending. *See* 28 U.S.C. §1441; 28 U.S.C. §98(a).

12.

This removal has been timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days Defendant's receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."

13.

In compliance with 28 U.S.C §1446(a), Defendant files and attaches copies of the Petition for Damages and all pleadings filed in Suit No. 2022-5169 in the Civil District Court for the Parish of Orleans and served upon Defendant to date, including Plaintiff's Petition for Damages.

14.

Written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, Safepoint Insurance Company, hereby gives notice that the proceeding bearing number 2022-5169 in the Civil District Court for the Parish of Orleans, State of Louisiana, is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Court Action, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

*/s/ John A. Doran*
_____

**NICHOLAS P. ARNOLD T.A.– #31602**
narnold@bluewilliams.com
**JOHN A. DORAN-- #39161**
jdoran@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
**Attorneys for Defendant, Safepoint Insurance Company**

**CERTIFICATE OF SERVICE**

    I do hereby certify that on the 20th day of October, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to the following via facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first-class postage prepaid:

    Justin Winch
    Email: justin.winch@winchlawfirm.com
    WINCH LAW FIRM, LLC
    1000 Veterans Memorial Boulevard, Suite 216
    Metairie, LA 70005

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD**
**JOHN A. DORAN**