UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN WASHINGTON** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE** |
| **SAFEPOINT INSURANCE COMPANY** | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *   *

## AFFIDAVIT IN SUPPORT OF AMOUNT IN CONTROVERSY

BEFORE ME, the undersigned notary, personally came and appeared:

JOHN A. DORAN

who, after being sworn, did depose and say:

1. I am the attorney of record for Safepoint Insurance Company in the matter entitled ***Glenn Washington vs. Safepoint Insurance Company.***

2. After receiving the Petition for Damages, I reviewed same to determine the causes of action, theories of recovery, and elements of damages.

3. After reviewing the Petition for Damages and noting the damages claimed, I conducted quantum research as to the damages that could be recoverable for mental anguish under La. R.S. 22:1973, in plaintiff's allegations were proven. The quantum indicated the damages could add up to a total of $125,000 if plaintiff's allegations are proven.

4. I am in receipt of and have reviewed the claim file materials from Safepoint Insurance Company in relation to Claim Number 45387 filed by plaintiff herein, which forms the basis for the subject lawsuit.

5. Within those claim files is a claim note detailing communication from Plaintiff's attorney to Safepoint, which suggests that Plaintiff is alleging that value of the total amount of loss to the property is $218,386.93.

6. Defendant's payment records indicate that plaintiff was paid a total of $11,668.32.

7. Accordingly, the difference between the Plaintiff's valuation and the amount Defendant previously paid to the Plaintiff is $206,718.61.

8. In his initial Petition, the Plaintiffs sought bad faith damages and penalties, as well as contractual damages, legal interest, costs, and all general and equitable relief.

9. Based on facts pleaded and relief requested from this Court and against Defendant, the Plaintiff is seeking all possible general and equitable relief, including contractual damages for additional physical damages they allegedly sustain as well as extra-contractual damages in the form of penalties and/or attorney's fees La. R.S. 22:1892 and La. R.S. 22:1973.

10. If Plaintiff was to succeed in obtaining penalties under La. R.S. 22:1892, the Plaintiff would be entitled to 50 percent damages on the amount found to be due from the insurer, which would equal $103,359.30 in addition to the $206,718.61 claimed by the Plaintiff.

11. If he was to succeed in obtaining penalties under La. R.S. 22:1973, the Plaintiff would be entitled to an amount up to two times the damages sustained, which would come out to $413,437.22 in addition to the $206,718.61 suggested by the Plaintiff.

12. All of this, coupled with any other potential damages not discussed, places the amount in dispute in this litigation at well over $75,000.00.

That the above is true and correct to the best of my knowledge.

Signed, this the 20th day of October, 2022.

CRAIG V. SWEENEY
BAR No. 23954

_____
JOHN A. DORAN

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 7 DAY OF Oct./.../, 2022.

_____
NOTARY PUBLIC, # 23954
My commission expires: ____