## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN WASHINGTON** | * | **CIVIL ACTION NO. 22-** |
| | * | **04054** |
| **VERSUS** | * | |
| | * | **JUDGE LANCE AFRICK** |
| **SAFEPOINT INSURANCE COMPANY** | * | |
| | * | **MAGISTRATE  DONNA** |
| | * | **PHILLIPS CURRAULT** |
| | * | |
| | | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## ANSWER AND AFFIRMATIVE DEFENSES OF SAFEPOINT INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes Defendant Safepoint Insurance Company ("Safepoint") in response to the Complaint filed herein by Plaintiff, Glenn Washington, and respectfully avers as follows:

### FIRST DEFENSE

Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim, clause or right of action upon which relief may be granted.

### SECOND DEFENSE

To the extent that Plaintiff has already received payment from Safepoint for his loss, Safepoint avers that those payments were appropriate, that Plaintiff has already been paid everything that is owed under the insurance policy and in the event of a further judgment in favor of Plaintiff, Safepoint claims a credit or a set-off of all amounts previously paid.

1

## THIRD DEFENSE

To the extent that Safepoint herein is legally entitled to any credit or set-offs for any amounts previously paid or made in the future to Plaintiff herein, Safepoint hereby claims those credits or set-offs against any eventual award made to Plaintiff, and to the extent that Safepoint has made any payments to which Plaintiff is not entitled, Safepoint reserves its rights to recover those amounts by reconventional demand or counterclaim.

## FOURTH DEFENSE

Safepoint has adjusted Plaintiff's claims in good faith, in accord with the terms and conditions of the applicable policy and in compliance with any applicable statutory or jurisprudential law.

## FIFTH DEFENSE

Safepoint avers that the damages claimed herein were caused by a non-covered event and/or peril that is excluded under the applicable policy of insurance, including but not limited to, the following exclusions:  **GENERAL EXCLUSIONS**.

## SIXTH DEFENSE

Although Safepoint denies that it in any manner breached its contractual or statutory duties to Plaintiff, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

## RESERVATION OF AFFIRMATIVE DEFENSES

Safepoint is without knowledge or information sufficient to form a belief as to whether other affirmative defenses apply in this matter.  However, contingent on the facts revealed by

investigation and discovery, Safepoint expressly reserves its right to raise any additional affirmative defenses, which may be applicable.

**AND NOW**, without waiving any of the foregoing defenses, Safepoint answers the allegations of the Complaint categorically and by paragraph, as follows:

I.

The allegations of Paragraph 1 of the Complaint are admitted.

II.

The allegations of Paragraph 2 of the Complaint are admitted.

III.

It is only admitted that the property at issue is located in Orleans Parish. Any and all other allegations contained in Paragraph 3 of the Complaint are denied.

IV.

The allegations of Paragraph 4 of the Complaint are admitted.

V.

It is only admitted Safepoint issued a certain dwelling insurance policy numbered SLAD1231984-03 (which is the best evidence of its contents, which are adopted and incorporated herein by reference, *in toto*, as if copied *in extenso*), for a policy period extending from September 21, 2020 to September 21, 2021, to Glenn Washington as named insured, relative to structures located at 1721 Nunez Street, New Orleans, Louisiana 70114, Parish of New Orleans (described as the Property). Any and all other allegations contained in Paragraph 5 of the Complaint are denied.

VI.

The allegations of Paragraph 6 of the Complaint are only admitted to the extent that any alleged damage caused by Hurricane Ida was adequately covered by Safepoint.  Any and all other allegations contained in Paragraph 6 of the Complaint are denied.

VII.

It is admitted that the loss was reported to Safepoint, who assigned claim number 45387. Any and all other allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations of Paragraph 8 of the Complaint are denied.

IX.

The allegations of Paragraph 9 of the Complaint are only admitted to the extent that any alleged damage caused by Hurricane Ida was adequately covered by Safepoint.  Any and all other allegations contained in Paragraph 9 of the Complaint are denied

X.

The allegations of Paragraph 10 of the Complaint are denied.

XI.

It is only admitted that an adjuster from Safepoint inspected the property.  Any and all other allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations of Paragraph 12 of the Complaint are denied.

XIII.

The allegations of Paragraph 13 of the Complaint are denied.

XIV.

The allegations of Paragraph 14 of the Complaint are denied.

XV.

The allegations of Paragraph 15 of the Complaint are denied.

XVI.

The allegations of Paragraph 16 of the Complaint are denied.

XVII.

The allegations of Paragraph 17 of the Complaint are denied.

XVIII.

The allegations of Paragraph 18 of the Complaint are denied.

XIX.

The allegations of Paragraph 19 of the Complaint are denied.

XX.

The allegations of Paragraph 20 o the Complaint are denied.

XXI.

The allegations of Paragraph 21 of the Complaint are denied.

XXII.

The allegations of Paragraph 22 of the Complaint are denied.

XXIII.

The allegations of Paragraph 23 of the Complaint are denied.

XXIV.

The allegations of Paragraph 24 of the Complaint are denied.

XXV.

The allegations of Paragraph 25 of the Complaint are denied.

XXVI.

The allegations of Paragraph 26 of the Complaint are denied.

XXVII.

The allegations of Paragraph 27 of the Complaint are denied.

XXVIII.

The allegations of Paragraph 28 of the Complaint are denied.

XXIX.

The allegations of Paragraph 29 of the Complaint are denied.

XXX.

The allegations of Paragraph 30 of the Complaint are denied.

XXXI.

The allegations of Paragraph 31 of the Complaint are denied.

XXXII.

Safepoint repeats, realleges, and incorporates by reference each and every answer to the allegations in Paragraphs 1 through 31 of the Complaint.

XXXIII.

It is only admitted Safepoint issued a certain dwelling insurance policy numbered SLAD1231984-03 (which is the best evidence of its contents, which are adopted and incorporated herein by reference, *in toto*, as if copied *in extenso*), for a policy period extending from September 21, 2020 to September 21, 2021, to Glenn Washington as named insured, relative to structures located at 1721 Nunez Street, New Orleans, Louisiana 70114, Parish of New Orleans (described as the Property). Any and all other allegations contained in Paragraph 33 of the Complaint are denied.

XXXIV.

It is only admitted Safepoint issued a certain dwelling insurance policy numbered SLAD1231984-03 (which is the best evidence of its contents, which are adopted and incorporated herein by reference, *in toto*, as if copied *in extenso*), for a policy period extending from September 21, 2020 to September 21, 2021, to Glenn Washington as named insured, relative to structures located at 1721 Nunez Street, New Orleans, Louisiana 70114, Parish of New Orleans (described as the Property). Any and all other allegations contained in Paragraph 34 of the Complaint are denied.

XXXV.

The allegations of Paragraph 35 of the Complaint are denied.

XXXVI.

The allegations of Paragraph 36 of the Complaint are denied.

XXXVII.

The allegations of Paragraph 37 of the Complaint are denied.

XXXVIII.

The allegations of Paragraph 38 of the Complaint are denied.

XXXIX.

The allegations of Paragraph 39 of the Complaint are denied.

XL.

The allegations of Paragraph 40 of the Complaint are denied.

XLI.

The allegations of Paragraph 41 of the Complaint are denied.

XLII.

The allegations of Paragraph 42 of the Complaint are denied.

XLIII.

Safepoint repeats, realleges, and incorporates by reference each and every answer to the allegations in Paragraphs 1 through 42 of the Complaint.

XLIV.

The allegations of Paragraph 44 of the Complaint are denied.

XLV.

The allegations of Paragraph 45 of the Complaint state a legal conclusion and do not appear to require a response from Safepoint.  However, in an abundance of caution, the allegations of Paragraph 45 of the Complaint are denied.

XLVI.

The allegations of Paragraph 46 of the Complaint state a legal conclusion and do not appear to require a response from Safepoint.  However, in an abundance of caution, the allegations of Paragraph 46 of the Complaint are denied.

XLVII.

The allegations of Paragraph 47 of the Complaint state a legal conclusion and do not appear to require a response from Safepoint.  However, in an abundance of caution, the allegations of Paragraph 47 of the Complaint are denied.

XLVIII.

The allegations of Paragraph 48 of the Complaint are denied.

XLIX.

The allegations of Paragraph 49 of the Complaint are denied.

L.

The allegations of Paragraph 50 of the Complaint are denied.

LI.

The allegations of Paragraph 51 of the Complaint are denied.

LII.

The allegations of Paragraph 52 of the Complaint are denied.

LIII.

The allegations of Paragraph 53 of the Complaint are denied.

LIV.

The allegations of Paragraph 54 of the Complaint are denied.

LV.

Safepoint repeats, realleges, and incorporates by reference each and every answer to the allegations in Paragraphs 1 through 54 of the Complaint.

LVI.

The allegations of Paragraph 56 of the Complaint are denied.

LVII.

The allegations of Paragraph 57 of the Complaint do not appear to require a response from Safepoint.  However, in an abundance of caution, the allegations of Paragraph 57 of the Complaint are denied.

LVIII.

The allegations of Plaintiff's paragraph entitled "WHEREFORE" do not appear to require a response from Safepoint. However, in an abundance of caution, Safepoint denies the allegations of the "WHEREFORE" paragraph.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the premises considered, Defendant, Safepoint Insurance Company, prays that this Answer to the Complaint be deemed good and sufficient and after due proceedings are had, that there be judgment herein in favor of Safepoint Insurance Company and against Plaintiff, dismissing Plaintiff's Complaint, with prejudice, at Plaintiff's costs and for all other general and equitable relief as is appropriate under the circumstances.

[Signature block on the following page.]

10

Respectfully Submitted:

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD T.A.– #31602**
narnold@bluewilliams.com
**JOHN A. DORAN- #39161**
jdoran@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
**Attorneys for Defendant, Safepoint Insurance
Company**

## C E R T I F I C A T E

**I HEREBY CERTIFY** that the above and foregoing was electronically filed with the

Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system, which will send

a notice of electronic filing to all counsel of record, on this 26th day of October, 2022.

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD**
**JOHN A. DORAN**

11