# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN WASHINGTON** | * | **CIVIL ACTION NO.:** |
| | * | **2:22-04054** |
| **VERSUS** | * | |
| | * | |
| | * | **CHIEF JUDGE** |
| **SAFEPOINT INSURANCE COMPANY** | * | **NANNETTE JOLIVETTE** |
| | * | **BROWN** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | | **DONNA PHILLIPS** |
| | | **CURRAULT** |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND MOTION FOR SANCTIONS

Defendant, Safepoint Insurance Company ("Safepoint"), submits the following Memorandum in Support of its Motion to Compel and Motion for Sanctions:

### I.  PLAINTIFF HAS REFUSED TO MAKE HIS PROPERTY REASONABLY AVAILABLE FOR INSPECTION.

On December 30, 2023, Plaintiff provided an additional report from his public adjuster Gary Sanders.[1] This report essentially doubled the alleged amount of loss and included various structural issues not included in Mr. Sanders' initial report.[2] Because of this, on January 5, 2024, undersigned counsel contacted counsel for Plaintiff and requested that Plaintiff make the property available for an inspection by an engineer and adjuster.[3] On January 8, 2024, counsel for Plaintiff responded requesting the basis and parameters for the inspection, and undersigned counsel

---

[1] Exhibit 1, Correspondence from Plaintiff's counsel and attached subsequent report from Gary Sanders.
[2] *Id.*
[3] Exhibit 2, Correspondence to Plaintiff's counsel requesting inspection.

5089422 v1

immediately replied explaining the necessity of the inspection.[4]  However, Safepoint did not receive a response regarding the inspection.

On January 10, 2024, Safepoint took the deposition of Plaintiff.  Following the deposition, counsel for Plaintiff advised that he needed time to determine if he would allow the inspection.  Accordingly, on January 12, 2024, Safepoint sent a follow-up email requesting that the insured make the property reasonably available for inspection on January 15th or 16th, or in the alternative, provide additional dates that the property could be made available for inspection.[5]  However, Safepoint has not received a response to date.

Regarding inspections of the insured property, the Safepoint policy at issue provides the following language:

> **4.    Your Duties After Loss**
>
> In case of a loss to covered property, you must see that the following are done:
> […]
>
> **d.**    As often as we reasonably require:
>    **(1)** Show the damaged property;
>    **(2)** Provide us with records and documents we request and permit us to make copies; and
>    **(3)** Submit to examination under oath, while not in the presence of any other named insured, and sign the same[…][6]

Based on the above language, the Safepoint policy requires that Plaintiff show the damaged property as often as Safepoint reasonably requires.  However, Plaintiff has refused to allow for the inspection, and thus has failed to comply with the terms of the Safepoint policy.

---

[4] Exhibit 3; Correspondence regarding inspection.
[5] Exhibit 4; Additional correspondence requesting inspection.
[6] Exhibit 5; Certified Copy of Policy

In addition, Fed. R. Civ. P. 34(a)(2) allows a party to serve a request to "permit entry onto designated land or other property so that the requesting party may inspect."[7] Further, Fed. R. Civ. P. 37(a)(3)(B) allows a party to move for an Order compelling an inspection. As discussed above, Safepoint has made multiple requests to inspect the property but have not received a response. Therefore, Safepoint respectfully requests that this Court issue an Order, pursuant to Fed. R. Civ. P. 37(a)(3)(B), compelling Plaintiff to comply with the terms of his policy by making the property available for inspection.

## II. PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDER TO PROVIDE FULL AND COMPLETE DISCOVERY RESPONSES.

On June 30, 2023, Safepoint served Plaintiff's counsel with Interrogatories, Requests for Production of Documents, and a blank Discovery Verification form.[8] However, Plaintiff failed to respond to Safepoint's Discovery Requests within thirty (30) days of service thereof, as required by Fed. R. Civ. P. 33(b) and Fed. R. Civ. P. 34(b).

Because of this, Safepoint was forced to file a Motion to Compel seeking an Order compelling Plaintiff to respond to the Interrogatories and Requests for Production propounded upon him (R. Doc. 18). This Court then issued an Order on October 18, 2023, requiring that Plaintiff provide full and complete responses to the discovery requests within 21 days of the Order (R. Doc. 20).

Despite this Order, Plaintiff did not provide any responses until November 20, 2023.[9] Additionally, these responses only included Answers to Safepoint's Interrogatories and did not provide any of the documents requested.[10] Undersigned counsel notified Plaintiff of this issue on

---

[7] Fed. R. Civ. P. 34(a)(2).
[8] Exhibit 6, Correspondence to Plaintiff with discovery requests and corresponding forms.
[9] Exhibit 7, Correspondence from Plaintiff and attached Answers to Interrogatories.
[10] *Id.*

November 29, 2023.[11]  In response, Plaintiff began periodically providing some of the requested documents to Safepoint.  However, Plaintiff has yet to provide all documents requested in Safepoint's Request for Production.  Namely, Plaintiff has yet to produce all photographs of the property from 2005 to present, all lease agreements, all invoices/bills for the performance of any services in relation to the property from 2005 to present, and Plaintiff's Federal and State tax returns for the past five years.  Safepoint reiterated that at least some of these documents were outstanding on January 12, 2024, but no additional documents have been provided.[12]

Fed. R. Civ. P. 37(b)(2)(A) allows for the Court to impose sanctions or take further necessary action when a party fails to obey a Discovery Order.  Based on the foregoing, Plaintiff has failed to comply with this Court's Discovery Order.  Safepoint therefore requests that this Court impose sanctions against Plaintiff pursuant to Fed. R. Civ. P. 37 (b)(2).

### III.  CONCLUSION

Plaintiff has failed to provide complete discovery responses, disobeyed this Court's order to do so, and has failed to make the property available for inspection.  Accordingly, Defendant, Safepoint Insurance Company, respectfully requests that this Honorable Court grant its Motion to Compel and Motion for Sanctions.

[Signature block on the following page.]

---

[11] Exhibit 8, Correspondence regarding outstanding discovery.
[12] Exhibit 4.

5089422 v1

Respectfully submitted,

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD – #31602**
narnold@bluewilliams.com
**JOHN A. DORAN – #39161**
jdoran@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
**Attorneys for Defendant, Safepoint Insurance Company**

# CERTIFICATE

**I HEREBY CERTIFY** that the above and foregoing was electronically filed with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, on this 19th day of January, 2024.

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD**
**JOHN A. DORAN**

5089422 v1