Exhibit 7

# Jake Doran

**From:** Justin Winch <justin.winch@winchlawfirm.com>
**Sent:** Monday, November 20, 2023 9:29 AM
**To:** Jake Doran
**Cc:** Alexis Chapital
**Subject:** Washington Discovery Responses
**Attachments:** 231118_Plaintiff Washington Responses to Interrogatories and Requests from Safepoint_signed.pdf

**Importance:** High

Jake,
Please see attached, and thank you very much for the courtesies in allowing time to get these to you.  Also, Mr. Washington reviewed and signed these over the weekend, and there was not a notary immediately available.  I will get you a notarized signature page today.  Please accept his esigned verification for now, let me know if this is an issue.

In appreciation of your courtesies, and because there are some questions regarding intent and interpretation of the Defendant's interrogatories and other requests (see objections) I am making available my time this week, to host a meet and confer to keep everything moving forward and timely.  Please let me know, and we can also go over during the meet and confer, the Plaintiff's deposition notice, if there were objections to it, and any other outstanding discovery items, and take care of all such matters at the same time.

Thank you again,
Justin

Sincerely,

**Justin L. Winch, Esq.**
504.214.3400 Phone
504.389.4900 Fax
justin.winch@winchlawfirm.com Email

Visit us at www.winchlawfirm.com

**Winch Law Firm, llc** | 324 18th St | New Orleans | Louisiana 70124

Exhibit 7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN WASHINGTON** | * | **CIVIL ACTION NO.: 2:22-04054** |
| | * | |
| | | **CHIEF JUDGE** |
| **VERSUS** | * | **NANNETTE JOLIVETTE BROWN** |
| | * | |
| | * | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |
| **SAFEPOINT INSURANCE COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## INTERROGATORIES

TO:      **Safepoint Insurance Company**
**Through his attorney of record**
**John Doran**
**BLUE WILLIAMS, LLC**
**1060 W Causeway Approach**
**Mandeville, LA 70471**

NOW COMES Plaintiff Glenn Washington ("Plaintiff"), who responds as follows, in writing, to Defendants Requests:

## INTERROGATORY NO. 1:

Please identify each person or entity known, interviewed or reasonably felt by Plaintiff, his attorney, or other representative to be an eyewitness or non-eyewitness, to any facts pertaining to the alleged damage to address 1725 Nunez Street A-C, New Orleans, Louisiana 70114 on or about August 29, 2021, or who has knowledge of some of the facts or circumstances upon which the averments in Plaintiff's Petition for Damages are based.

Exhibit 7

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff Glenn Washington, his mother Wanda Abdulla, his brother Radee Washington; Mr. Gary Sanders of GLS and Associates and Mr. Louis Fey.

**INTERROGATORY NO. 2:**

Identify every person, including but not limited to an adjuster, inspector or contractor who has inspected, repaired, upgraded, altered or performed work to property located at 1725 Nunez Street A-C, New Orleans, Louisiana 70114 from 2005 to the present, and for each, please set forth:

      (a)      A detailed description of any estimate provided; and

      (b)      A detailed description of the work done/repairs made, including dates and costs of repairs.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to the form of the question which as phrased is argumentative. It requires the adoption of an assumption, including, but not limited to "upgraded" and "altered", that is improper. Further objecting, the interrogatory asks for information outside of the time Plaintiff has owned the property and is therefore irrelevant and/or unknown to Plaintiff. Further, the interrogatory is vague and ambiguous, and to resolve the ambiguities, Plaintiff represents that it will hold a meet and confer with Counsel for Defendants, in order to attempt to resolve the ambiguities. Additionally, Plaintiff has produced all documentation evidencing out-of-pocket costs which includes information identifying contractors, describing in detail their estimates and providing information relative to the work completed. The contractors would have knowledge beyond what descriptions are provided and Defendant has the right to secure the information from those third parties. Plaintiff reserves the rights indicated above, in order to fully certify the

Exhibit 7

response to this Interrogatory, as Discovery deadlines in this matter have not passed, nor is any

party prejudiced by the requested clarifications herein.

**INTERROGATORY NO. 3:**

Please itemize by dollar amount and type all damages which you are claiming in this.

lawsuit arising out of the August 29, 2021, incident.

**RESPONSE NO. 3:**

Covered property damages, payable as benefits under the insurance policy:

| | |
|---|---:|
| $224,333.32 (less ~11,000 already tendered) = | $213,000.00 |
| Plus, Mental anguish at $5,000.00 per month, for 30 months = | $150,000.00 |
| Plus, Fair rental value (coverage D) and other coverage = | |
| (7k/mo. X's 4 months) =fair rental Total = | $ 38,000.00 |
| Plus, Penalties of 200% of $150,000.00 = | $300,000.00 |

_____

*Subtotal: $701,000.00*
Plus Atty Fees: $175,250.00
Plus, Expert Costs: $20,000.00
Plus, Court costs/filing fees: $2,000.00

_____

**TOTAL: $898,250.00 plus interest (approx. $80,000.00) = $978,250.00**

**INTERROGATORY NO. 4:**

Please describe in detail each article or item that you claim was damaged, lost or destroyed
in

the loss in question.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff has produced all documentation evidencing out-of-pocket costs which includes

information identifying the articles and items that Plaintiff claims damage to. Further, Plaintiff

has produced a detailed and itemized Xactimate, from Plaintiff's property adjuster expert, that

describes the repair work necessary, and therefore, that report identifies articles and items that

Exhibit 7

were damaged. Plaintiff produced the Xactimate data in its native format, and has requested the same from Defendants, yet has never received the native format of the Xactimate file. Plaintiff reserves the right to meet and confer with Defendants' counsel, to ascertain the sufficiency of this response. Plaintiff reserves the rights indicated above, in order to fully certify the response to this Interrogatory, as Discovery deadlines in this matter have not passed, nor is any party prejudiced by the requested clarifications herein.

**INTERROGATORY NO. 5:**

Please state whether any of the items allegedly damaged in the alleged loss made the subject of this litigation was repaired following the loss in question and, if so, for each item, please state:

(a) The name and address of the person or entity who made the repairs; and

(b) The cost of the repairs.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to the form of the question which as phrased is argumentative. It requires the adoption of an assumption, including, but not limited to "repaired" and further that "items" limit the necessary repair work following a covered loss resulting from a Hurricane. Further, the interrogatory is vague and ambiguous, and to resolve the ambiguities, Plaintiff represents that it will hold a meet and confer with Counsel for Defendants, in order to attempt to resolve the ambiguities. Additionally, Plaintiff has produced all documentation evidencing out-of-pocket costs which includes information identifying contractors, describing in detail their estimates and providing information relative to the work completed, and further, GLS and Associates' estimate

Exhibit 7

contains items which Plaintiff did not know about until after hiring them, and which arose out of the necessity of Defendant's insurance denial for benefits. The contractors would have knowledge beyond what descriptions are provided and Defendant has the right to secure the information from those third parties.; further, Plaintiff understands that Defendants will depose GLS and Associates. Plaintiff reserves the rights indicated above, in order to fully certify the response to this Interrogatory, as Discovery deadlines in this matter have not passed, nor is any party prejudiced by the requested clarifications herein.

**INTERROGATORY NO. 6:**

With respect to any claim for recovery of damages to the property at 1725 Nunez Street A-

C, New Orleans, Louisiana 70114 please answer with specificity the following:

(a)     The total dollar amount Plaintiff allege it will cost to repair and/or replace the damage(s) described in the answer to Subpart (a) of this interrogatory; and

**RESPONSE TO INTERROGATORY NO. 6:**

See response to Interrogatory No. 3, and further, see the report of GLS and Associates, produced in this litigation.

**INTERROGATORY NO. 7:**

Please state when, in what manner, and to whom you first reported the insurance claim which you have asserted against the defendant in this matter.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff reported the claim through his agent and in accordance with his understanding from his policy information regarding claims.

Exhibit 7

**INTERROGATORY NO. 8:**

If applicable, please state when and to whom any alleged proof of loss was submitted.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to the form of the question which as phrased is argumentative. It requires the adoption of an assumption, including, but not limited to "proof of loss" being something that is submitted to an insurer. Further, the interrogatory is vague and ambiguous, and to resolve the ambiguities, Plaintiff represents that it will hold a meet and confer with Counsel for Defendants, in order to attempt to resolve the ambiguities.  Subject to the foregoing, Defendant received adequate proof of loss under the Law of Louisiana, at the latest, on the date of its initial on-site inspection of the property.

**INTERROGATORY NO. 9:**

Please specify in detail each and every fact that supports Plaintiff's bad faith allegations. against Safepoint in their Petition.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants failed to take moisture readings and adjust the losses sustained on Mr. Washington's upper floor units of his building.  Defendant's claims adjusters found that any damages/losses on the upper floor units, were not the result of the hurricane – however, they reached this denial before the roof inspection was performed.  Defendants' claims adjusters found and recommended payment of lost rent benefits – however, Safepoint has failed to tender any such amounts to Mr. Washington. Plaintiff reserves the right to supplement this response, as depositions are upcoming.

**INTERROGATORY NO. 10:**

Exhibit 7

Please provide the following information regarding the property located at 1725 Nunez.

Street A-C, New Orleans, Louisiana 70114:

(a)     The date Plaintiff purchased the property;

(b)     The purchase price paid by Plaintiff for the property; and

(c)     The date the property was built.

**RESPONSE TO INTERROGATORY NO. 10:**

Mr. Washington purchased the property in November 2014, and the date the property was built is unknown at this time.

**INTERROGATORY NO. 11:**

Please identify all mortgage holders or other lienholders on the property located at 1725 Nunez Street A-C, New Orleans, Louisiana 70114. For each mortgage or lien, please provide the balance of each mortgage.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant is already in possession of requested information regarding mortgages, and the burden of production is higher on Plaintiff, than the value received, given the Defendants' being already in possession of requested documents.

**INTERROGATORY NO. 12:**

Exhibit 7

Please describe the contract in detail, including date and terms of contract, for any pending contracts associated with the property, including but not limited to lease-purchase agreements, leases, sales, etc., in the past ten years.

**RESPONSE TO INTERROGATORY NO. 12:**

N/A.

**INTERROGATORY NO. 13:**

Has/have Plaintiff(s) received any payments (including, but not limited to, loans) or applied for any relief, benefits and/or grants of any kind or description from any person, insurance company, federal or state governmental agency, or charitable organization (*i.e.* FEMA, Red Cross, Louisiana Recovery Authority, SBA) as a result of ***any*** damages sustained by Plaintiff(s) in relation to the property located at 1725 Nunez Street A-C, New Orleans, Louisiana 70114?

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects that this Interrogatory is vague and ambiguous, and to resolve the ambiguities, Plaintiff represents that it will hold a meet and confer with Counsel for Defendants, in order to attempt to resolve the ambiguities.

**INTERROGATORY NO. 14:**

Identify any insurance policies that were maintained on the property located at 1725 Nunez Street A-C, New Orleans, Louisiana 70114, including flood policies and state whether Plaintiff(s) has/have made a claim under any such policies. If such a claim has been made, please identify the claim number, policy number, adjuster, and state whether Plaintiff(s) received any payment under such policies.

**RESPONSE TO INTERROGATORY NO. 14:**

Exhibit 7

Defendant is in possession of the Insurance Policy maintained on the property at 1725 Nunez.

**INTERROGATORY NO. 15:**

Please state whether you, your attorneys, representatives or anyone acting on your behalf have obtained statements in any form regarding any of the events or happenings giving rise to your claim and please describe those statements in detail.

**RESPONSE TO INTERROGATORY NO. 15:**

Aside from statements and admissions made in the presence of and/or by Agents and Adjusters of Safeoint, and subject to an objection that the Interrogatory is vague and ambiguous and could refer to Expert Reports as "statements in any form" none have been obtained. Subject to clearing the objectionable vagueness, Plaintiff reserves the right to further respond.

**INTERROGATORY NO. 16:**

Please identify each expert you have consulted for this matter and describe in detail the reason for their consultation.

**RESPONSE TO INTERROGATORY NO. 16:**

See Response to Request for Production of Documents No. 6. And see also Plaintiff's Witness List for Trial.

These interrogatories are deemed to be continuing and should Plaintiff or their attorneys become aware of additional information which changes or modifies any answers herein, Defendant specifically requests that Plaintiff's responses to interrogatories be supplemented or amended, and Plaintiff herein agrees to do so as early as practicable.

RESPECTFULLY SUBMITTED:

Exhibit 7

/s/ Justin L. Winch, Esq.

Justin L. Winch, Esq.
*Attorney, Member*
**WINCH LAW FIRM, LLC**
324 18th St
New Orleans, LA 70124
Cell: (504) 214-3400
justin.winch@winchlawfirm.com

### CERTIFICATE OF SERVICE

These Discovery Responses to Interrogatories propounded by Defendant Safepoint, were submitted on behalf of Plaintiff, on 11/20/2023 via email, read receipt requested, to counsel for Defendant Safepoint Insurance Company.

Justin L. Winch, Esq.

Exhibit 7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN WASHINGTON** | * | **CIVIL ACTION NO.: 2:22-04054** |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **CHIEF JUDGE** |
| | * | **NANNETTE JOLIVETTE BROWN** |
| **SAFEPOINT INSURANCE COMPANY** | * | |
| | * | **MAGISTRATE JUDGE DONNA** |
| | * | **PHILLIPS CURRAULT** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF GLENN WASHINGTON'S RESPONSES TO SAFEPOINT'S REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:     Safepoint Insurance Company
        Through his attorney of record
        John Doran
        BLUE WILLIAMS, LLC
        1060 W Causeway Approach
        Mandeville, LA 70471

NOW COMES Plaintiff Glenn Washington who responds and/or objects to the Requests

for Production of Documents served by Safepoint, which responses as requested by

Defendants, shall be deemed open for amendment and supplementation as necessary as

Discovery develops.

## REQUEST FOR PRODUCTION NO. 1:

Exhibit 7

Please provide copies, a description by category, and the location of all documents, data compilations, and tangible things that are in the possession, custody or control of Plaintiff, or his attorney, that Plaintiff(s) may use to support each claim as set forth in his Petition for Damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to documents protected by attorney client, attorney work product, or other applicable privileges, Plaintiff make the requested documents available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce photographs, videos, satellite or other images of the property located at address 1725 Nunez Street A-C, New Orleans, Louisiana 70114 interior and exterior, which were taken from 2005 to the present, and identify the date that each was taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to that which is protected by attorney client, attorney work product, or other applicable privileges, and subject to Plaintiff's objection to production of any documents which would predate their ownership, Plaintiff make the requested images available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of all records relating to any repairs and/or appraisals performed as a result of the August 29, 2021, incident serving the basis of Plaintiff's claim.

Exhibit 7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff has previously produced said documentation, which includes records of Plaintiff's own expenditures necessitated by Defendant's failure to timely and adequately adjust his loss, and those documents and records generated by Plaintiff's expert GLS and Associates, which Xactimate and information represents, in part, necessary repairs and work on the structure and its appurtenant parts, that Plaintiff would not know nor would reasonably have known without hiring an expert to provide the information – due also to Defendants' failure to satisfy its duty to perform an inspection and identify the necessity of these repairs found by GLS and Associates. Plaintiff has no objection to meeting and conferring with Defendant, as soon as practicable, to confirm the list of bates-stamped documents and information (including electronic files) that Plaintiff contends has been produced in the litigation, and in order to facilitate the completion of discovery in this matter.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of all bills received in connection with any repair work performed at the property located at address 1725 Nunez Street A-C, New Orleans, Louisiana 70114, incidents serving the basis of Plaintiff's claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

See Response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 5:**

Exhibit 7

Produce a copy of any and all records relative to the August 29, 2021 incident and the damages Plaintiff claims were caused by the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to that which is protected by attorney client, attorney work product, or other applicable privileges, and subject to Plaintiff's objection that this request calls for duplicative discovery of items already produced, Plaintiff will make the requested documents and records available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 6:**

Produce a copy of all expert reports rendered in connection with Plaintiff's claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff has previously produced its Expert GLS and Associates' report; according to the Court's Expert disclosure deadline, Plaintiff will produce the remaining expert report of Mr. Louis Fey, as it becomes available.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all documents Plaintiff(s) – either by Plaintiff(s) directly or through his/its/their agent(s) – presented to Safepoint or any agent of Safepoint in support of Plaintiff's claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Exhibit 7

See Response to Request for Production No. 5. Further, Defendant is already in possession of requested documents, and the burden of production is higher on Plaintiff, than the value received, given the Defendants' being already in possession of requested documents.

**REQUEST FOR PRODUCTION NO. 8:**

Produce a copy of all evidence, including but not limited to any records, documents, correspondence, emails, and/or letters which Plaintiff claim supports their claim of bad faith on the part of Safepoint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to that which is protected by attorney client, attorney work product, or other applicable privileges, and subject to Plaintiff's objection that this request calls for duplicative discovery of items already produced, Plaintiff will make the requested documents and records available for inspection and copying. As to documents already produced, Plaintiff responds that Request for Production No. 3-7 provide documents necessarily responsive to Defendant's having acted in bad faith relative to their policyholder the Plaintiff. But for bad faith on Defendant's part, these documents would not exist; Plaintiff reserves the right to allow the jury to make any other inferences they might, as the ultimate finder of fact, from all evidence presented.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce a computation of each category or element of damages described in Plaintiff's Petition for Damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Exhibit 7

See Response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 10:**

Produce a copy of all records relative to any repairs performed from 2005 to present at/for/to address 1725 Nunez Street A-C, New Orleans, Louisiana 70114.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

See Response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all policies of insurance covering the property located at 1725 Nunez Street A-C, New Orleans, Louisiana 70114 including but not limited to any homeowner's, fire or business interruption insurance policies, that were in effect on August 29, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant is already in possession of said policy, as Defendant issued the applicable policy.

**REQUEST FOR PRODUCTION NO. 12:**

Produce a copy of all records relative to any claims made for any property damage in connection with Hurricanes Katrina, Rita, Gustav, Ike, Isaac, and Zeta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Exhibit 7

Subject to that which is protected by attorney client, attorney work product, or other applicable privileges, and subject to Plaintiff's objection that this request calls for records that may not exist, and to the extent that this request is inapplicable to the Plaintiff, Plaintiff will make requested documents and records available for inspection and copying.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of any and all records relative to any prior claims other than those referenced in Request for Production No. 12 for damage to address 1725 Nunez Street A-C, New Orleans, Louisiana 70114.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

N/A.

**REQUEST FOR PRODUCTION NO. 14:**

Produce a copy of any and all records showing any insurance payments made to Plaintiff(s) from 2005 to present for any damage to address 1725 Nunez Street A-C, New Orleans, Louisiana 70114.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Aside from the payments made by Defendants, of which Defendants are in possession of and have immediate, less costly and burdensome access to, none further exist.

**REQUEST FOR PRODUCTION NO. 15:**

Exhibit 7

Produce all invoices and/or bills for the performance of any services in relation to the property at address 1725 Nunez Street A-C, New Orleans, Louisiana 70114 from 2005 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See Response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 16:**

Produce a copy of any and all real estate appraisals ever performed on address 1725 Nunez Street A-C, New Orleans, Louisiana 70114.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff is in the process of obtaining said documents and information and will produce upon receipt. As discovery is ongoing and deadlines have not passed, there is no prejudice to any party, and Plaintiff working diligently to provide the requested information and documents.

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of all exhibits Plaintiff(s) may offer into evidence at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff is still developing trial exhibits and demonstratives; however, all produced documents, any documents relied on or referenced by any party or expert witness or other individual in this action, may be offered into evidence. Subject to the foregoing, Plaintiff reserves the right to supplement this response as discovery continues.

**REQUEST FOR PRODUCTION NO. 18:**

Exhibit 7

Produce a current curriculum vitae of each expert whom Plaintiff(s) expects to call as an expert witness at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff has already produced the CV of Mr. Gary Sanders of GLS and Associates. Plaintiff will produce the CV of Mr. Louis Fey upon receipt and production of his report in this matter.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents prepared or reviewed by each person whom Plaintiff(s) expects to call as an expert witness at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff has already produced those documents as to Mr. Gary Sanders of GLS and Associates. Plaintiff will produce those relative to Mr. Louis Fey upon receipt and production of his report in this matter.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all photographs and/or videos taken by Plaintiff(s) or by any expert retained by Plaintiff(s) or acting on Plaintiff's behalf which pertain to the claims made in Plaintiff's Petition for Damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff has already produced those documents as to Mr. Gary Sanders of GLS and Associates. Plaintiff will produce those relative to Mr. Louis Fey upon receipt and production of his report in this matter, and to the extent they exist.

Exhibit 7

**REQUEST FOR PRODUCTION NO. 21:**

Produce all written, recorded, or signed statements of any person concerning the subject matter of this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff has already produced.

**REQUEST FOR PRODUCTION NO. 22:**

Produce a copy of any and all leases and/or lease agreements associated with the property made subject of Plaintiff's lawsuit within the last ten years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff is in the process of obtaining and compiling said documents and will produce.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce copies of Plaintiff's State and Federal tax returns for the last five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to the request as irrelevant to the subject matter of Plaintiff's bad faith claim against his insurer.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any and all documents of any kind identified in your answers to the accompanying Interrogatories, which have not been produced in response to any of the above Requests for Production.

Exhibit 7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff has already produced these requested documents.

**REQUEST FOR PRODUCTION NO. 25:**

If you answered in the affirmative in your Answer to Interrogatory No. 9, please return signed and dated forms attached hereto, namely the HIPAA Specific Authorization.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

N/A.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce any and all correspondence, including letter, e-mail, or text message, between Plaintiff(s) and any tenant, including a tenant representative, regarding allegedly lost rental income described in Plaintiff's Petition for Damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff is in the process of obtaining said documents and information and will produce upon receipt. As discovery is ongoing and deadlines have not passed, there is no prejudice to any party, and Plaintiff is working diligently to provide the requested information and documents.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce any and all proof of rental payments paid by tenant(s) for the subject property from 2005 to the present.

Exhibit 7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff is in the process of obtaining said documents and information and will produce upon receipt. As discovery is ongoing and deadlines have not passed, there is no prejudice to any party, and Plaintiff is working diligently to provide the requested information and documents.

RESPECTFULLY SUBMITTED:

/s/ Justin L. Winch, Esq.

Justin L. Winch, Esq.
*Attorney, Member*
**WINCH LAW FIRM, LLC**
324 18th St
New Orleans, LA 70124
Cell: (504) 214-3400
justin.winch@winchlawfirm.com

**CERTIFICATE OF SERVICE**

These Discovery Responses, to Requests for Production of Documents propounded by Defendant Safepoint, were submitted on behalf of Plaintiff, on 11/20/2023 via email, read receipt requested, to counsel for Defendant Safepoint Insurance Company.

Justin L. Winch, Esq.

Exhibit 7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GLENN WASHINGTON** | * | **CIVIL ACTION NO.: 2:22-04054** |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **CHIEF JUDGE** |
| | * | **NANNETTE JOLIVETTE BROWN** |
| **SAFEPOINT INSURANCE COMPANY** | * | |
| | * | **MAGISTRATE JUDGE DONNA** |
| | * | **PHILLIPS CURRAULT** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**<u>VERIFICATION</u>**

STATE OF LOUISIANA
PARISH OF _____

      BEFORE ME, the undersigned authority, a Notary Public, duly commissioned and

qualified in and for the State and Parish aforesaid, personally came and appeared:

**GLENN WASHINGTON**

who after being duly sworn, did depose and say that he has read the foregoing Answers to

Interrogatories and Responses to Requests for Production of Documents in the above-captioned

matter; and that the answers contained therein are true and complete to the best of his

knowledge, information, and belief.

BEFORE ME, NOTARY, THIS
_____ DAY OF _____, 2023

ID 2iN5QiSADjgCxb3VFjxr3K2B

_____
NOTARY PUBLIC

22

Exhibit 7

# eSignature Details

**Signer ID:**       **2fN5QiSADjgCxb3VFjxr3K2B**
Signed by:        Glenn Washington
Sent to email:    gwashingtonvisions@gmail.com
IP Address:      166.137.115.31
Signed at:        Nov 18 2023, 2:53 pm CST