UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| GLENN WASHINGTON | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 22-4054 |
| SAFEPOINT INSURANCE COMPANY | * | SECTION "G" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Safepoint Insurance Company's Motion to Compel and for Sanctions. ECF No. 23. Although Plaintiff was granted additional time to file an Opposition Memorandum, he failed to do so. *See* ECF Nos. 29, 30. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, the lack of opposition, and the applicable law, Defendant's Motion to Compel and for Sanctions (ECF No. 23) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I. **BACKGROUND**

Plaintiff Glenn Washington filed this Hurricane Ida suit on August 24, 2022 against Defendant Safepoint Insurance Company alleging bad faith and breach of contract. ECF No. 1-2. Pursuant to the Court's Case Management Order governing Hurricane Ida claims, as amended, the case was returned to the court's docket on May 15, 2023. ECF No. 13. On October 18, 2023, this Court granted Defendant's unopposed Motion to Compel Discovery Responses and ordered Plaintiff to provide full and complete responses to the discovery requests within 21 days. ECF Nos. 18, 20. The Order reserved to Defendant the right to file an appropriate motion, with supporting documentation, to recover fees and costs incurred in filing the motion in accordance with FED. R. CIV. P. 37(a)(5). *Id.* at 1.

1

Defendant again seeks to compel discovery responses, including a property inspection, and requests Rule 37(b)(2)(A) sanctions against Plaintiff for his failure to comply with this Court's October 18, 2023 Order.   ECF No. 23.  Defendant asserts that Plaintiff's public adjuster's December 30, 2023 supplemental report reflects a significantly larger amount of loss than previously claimed and included various structural issues not included in the initial report, thus a property inspection is necessary and relevant to the Plaintiff's claims.  ECF No. 23-1 at 1, 3. Defendant further argues that it should be permitted to inspect Plaintiff's property because the relevant insurance policy permits Defendant to inspect Plaintiff's damaged property as often as it reasonably requires and Rules 34(a)(2) and 37(a)(3)(B) permit a party to seek an Order compelling inspection.  *Id*. at 2-3.

Defendant also asserts that Plaintiff failed to comply with this Court's October 18, 2023 Order to provide full and complete discovery responses within 21 days, instead serving late and incomplete responses.  *Id*. at 3-4.  To date, Defendant argues, Plaintiff has yet to produce certain documents requested despite multiple reminders.  *Id*. at 4.  As such, Defendant moves for sanctions under Rule 37(b)(2)(A).  *Id*.   Plaintiff failed to file an Opposition Memorandum.  The governing Scheduling Order establishes a February 16, 2024 discovery deadline.  ECF No. 12.

## II.  APPLICABLE LAW

### A.  Rule 34

Rule 34(a)(2) provides that a party "may serve on any other party a request" to enter onto "designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect ... the property."[1]  The request must (1) describe with reasonable particularity each item or category of items to be inspected and (2) specify a reasonable time, place,

---

[1] Fed. R. Civ. P. 34(a)(2).

2

and manner for the inspection and for performing the related acts.[2]  The party to whom the request is directed must respond in writing within 30 days after being served or, if the request was delivered under Rule 26(d)(2), within 30 days after the parties' first Rule 26(f) conference.  If a responding party does not agree to an inspection, the requesting party "may move for an order compelling disclosure or discovery."[3]  The resisting party must show why an inspection would be "irrelevant, overly broad, unduly burdensome or oppressive."[4]

### B. <u>Discovery Sanctions</u>

Rule 37 expressly authorizes sanctions against a party for violation of a discovery order.[5] Under Rule 37, the Court may issue an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).  In addition, Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees,[6] unless the failure was

---

[2] *Id*. at 34(b)(1)(A)-(B).
[3] *Id*. at 37(a).
[4] *Stanton 4433 Owners Assoc. v. State Farm Lloyds*, No. 20-280, 2022 WL 17752218, at *3 (W.D. Tex. Sept. 6, 2022) (quoting *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019)).
[5] *See Bivins v. Miss. Reg'l Hous. Auth. VIII,* 770 F. App'x 241, 242 (5th Cir. 2020) (per curiam) (affirming dismissal of complaint pursuant to Rule 37(b) for failure to comply with discovery orders despite multiple opportunities to do so); *Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc..*, 283 F.3d 289, 290 (5th Cir. 2002)) (upholding civil contempt order imposed as sanction for violation of a protective order)).
[6] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).

substantially justified, or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(b)(2)(C). Where a party fails to comply with multiple discovery orders, courts typically impose more severe sanctions, up to and including dismissal of claims or defenses.[7]

## III. ANALYSIS

### A. Property Inspection

Defendant's motion to compel property inspection contains multiple procedural defects. Rule 34 states that "[a] party may serve on another party a request" to permit inspection."[8] Parties may serve a request for inspection by electronic means only if the person being served "consented to electronic service in writing."[9] Consent to service by electronic means must be in writing, "express[,] and cannot be implied from conduct."[10]

In support of its motion, Defendant attaches a January 5, 2024 e-mail request to inspect Plaintiff's property. ECF No. 23-4. In response, on January 9, 2024, Plaintiff asked what Defendant's basis and proposed parameters were for a reinspection. ECF No. 23-5. On January 12, 2024, Defendant indicated that the recent receipt of Plaintiff's expert's updated estimate warranted the inspection, which would entail an assessment of the property and new damages claimed by an engineer and an inspector, and asked whether the property would be available on January 15 or 16. *Id*. When Defendant had not received a response by January 19, 2024, it filed this motion. ECF No. 23.

---

[7] *See, e.g., Worrell v. Houston Can! Acad.*, 424 F. App'x 330 (5th Cir. 2011) (per curiam) (finding no abuse of discretion where district court dismissed plaintiff's claims with prejudice based on her failure to comply with multiple court orders); Bivins, 770 F. App'x at 242.
[8] FED. R. CIV. P. 34(a). *See also Angela Ganter, LLC v. Dufur*, No. 20-231, 2021 WL 2698439, at *2 (N.D. Tex. Mar. 19, 2021).
[9] *Angela Garter, LLC*, 2021 WL 2698439, at *2 (citing FED. R. CIV. P. 5(b)(2)(E)).
[10] *Id.* (quoting *Whitt v. Stephens County*, No. 06-022, 2007 WL 9754677, at *1 (N.D. Tex. Apr. 27, 2007) (quoting FED. R. CIV. P. 5(b)(2)(E) advisory committee's note to 2001 amendment); *see also Moore v. Valero Ardmore Refinery*, No.14-103, 2015 WL 129985, at *2 (N.D. Tex. Jan. 9, 2015)) (cleaned up).

While Defendant's inspection request appears well founded, it does not appear as though Defendant has properly issued a Rule 34 request for inspection. Although defense counsel sent an e-mail requesting an inspection, it appears that he has failed to serve a written discovery request in accordance with Rules 5 and 34 as there is no evidence of Plaintiff's express, written consent to service via electronic means under Rule 5(b)(2)(E). Even if Defendant had properly served its property inspection request, it did not provide Plaintiff with the requisite 30 days to respond in writing as mandated by Rule 34(b)(2)(A).

### B. Outstanding Discovery Responses

Defendant issued its Interrogatories and Requests for Production on June 30, 2023. ECF No. 23-8 at 5, 10. After Plaintiff failed to timely respond, Defendant moved to compel discovery responses, which motion this Court granted on October 18, 2023. ECF No. 20. The Order directed Plaintiff to provide full and complete responses to the requests within 21 days, which would have been November 8, 2023. *Id*. Plaintiff did not provide responses until November 20, 2023. ECF No. 23-9. Defendant asserts that the responses were both belated and incomplete as Plaintiff failed to provide "any of the documents requested" and therefore requests that this Court impose Rule 37 sanctions. ECF No. 23-1 at 3.

Plaintiff's failure to comply with the Federal Rules of Civil Procedure and this Court's October 18, 2023 Order is inexcusable. He must produce the outstanding documents within seven (7) days of this Order. Should he fail to do so, this Court may impose more severe sanctions as authorized by Rule 37. Given Defendant's well founded motion and Plaintiff's failure to comply with the Court's October 18, 2023 Order, an award of reasonable expenses incurred in filing of this motion to compel is proper.

In the event that Defendant seeks to obtain such an award, it must confer with Plaintiff as to a reasonable amount of fees and costs.  If the parties agree, then Plaintiff shall pay that amount.  If the parties do not agree, then Defendant must, no later than February 21, 2024, file a Motion for Fees and Costs pursuant to Rule 37.  The new filing must include (a) an affidavit attesting to its attorney's education, background, skills and experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed, as required by Local Rule 54.2.

### IV.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Compel (ECF No. 23) is GRANTED IN PART AND DENIED IN PART as stated herein.  Plaintiff must supplement his discovery responses as ordered herein on or before WEDNESDAY, FEBRUARY 14, 2024, at risk of additional sanctions.

IT IS FURTHER ORDERED that Defendant Safepoint Insurance Company's request for fees and costs is GRANTED as stated herein.

New Orleans, Louisiana, this ___7th___ day of February, 2024.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE