UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN WASHINGTON** | * | **CIVIL ACTION NO.:** |
| | * | **2:22-04054** |
| **VERSUS** | * | |
| | * | |
| | * | **CHIEF JUDGE** |
| **SAFEPOINT INSURANCE COMPANY** | * | **NANNETTE JOLIVETTE** |
| | * | **BROWN** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | | **DONNA PHILLIPS** |
| | | **CURRAULT** |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Defendant, Safepoint Insurance Company (hereinafter "Safepoint") submits the following Supplemental Memorandum in Support of Its Motion in Limine to Exclude Expert Reports on the following additional grounds:

### I. PLAINTIFF'S EXPERT AND HIS REPORTS WERE RECENTLY EXCLUDED UNDER FED. R. EVID. 702, FED. R. CIV. P. 26, AND *DAUBERT*.

Plaintiff's Expert, Gary Sanders was recently excluded from testifying in Hurricane Laura litigation in the United States District Court for the Eastern District of Texas in *Vera v. State Auto Ins. Co.*, 2023 WL 4060196 (E.D. Tex. May 12, 2023). In excluding him, the court cited failures in his expert report:

> Sanders' expert report fails to fully meet any of these standards. The "expert report" does not contain a complete statement (nor any statement *at all*) of the basis and reasons for Sanders' opinions that Hurricane Laura caused the damage to the Plaintiff's home except to claim it to be so. Sanders' expert report consists only of a short resume, cost estimates and accompanying photographs and measurements of the property. […] While Plaintiff points out that Sanders does state that "Hurricane Laura was the cause of the loss." Sanders does not explain in his report how his experience as a claims adjuster led him to reach his conclusions, why his experience is a sufficient basis for those conclusions, or how that experience is

reliably applied to the facts as required by Rule 26. Moreover, as the expert report does not include any explanation as to the reliability of his opinion, and it fails to demonstrate that Sanders' opinion on causation is based on sufficient facts or data, is the product of reliable principles and methods, and that Sanders reliably applied those principles and methods in forming his estimate as required by Rule 702. *Barnes v. Allstate Tex. Lloyd's*, No. 1:21-CV-00217-MJT-ZJH, 2022 WL 2999200, at *4-5 (E.D. Tex., June 2, 2022). Much like the report struck in *Barnes*, Sanders' report is "completely devoid" of the information necessary to determine the reliability of Sanders' testimony on causation. Accordingly, Plaintiff has failed to meet her burden. Sanders should be excluded from testifying as an expert witness on causation and to the extent his report offers an opinion on causation, such portions should be struck.

Similarly, Sanders' May 2, 2022, report, January 18, 2023 supplemental report[1], and untimely second supplemental report dated December 28, 2023, do not explain how his experience as a claims adjuster led him to reach his conclusions, why his experience is a sufficient basis for those conclusions, or how that experience is reliably applied to the facts as required by Rule 26.

Based on the foregoing and other deficiencies referenced in Safepoint's original Memorandum in Support of its Motion in Limine, Plaintiff's expert reports should be excluded.

## II.     CONCLUSION

Based on the foregoing and other deficiencies referenced in Safepoint's original Memorandum in Support of its Motion in Limine, Safepoint respectfully requests that this Court grant its Motion in Limine and issue an Order excluding the proposed expert reports of Gary Sanders.

[Signature block on the following page.]

---

[1] Exhibit 1, January 18, 2023 Supplemental Report.

Respectfully Submitted:

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD – #31602**
narnold@bluewilliams.com
**JOHN A. DORAN- #39161**
jdoran@bluewilliams.com
**BLUE WILLIAMS, LLC**
3421 N. Causeway Boulevard, Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
**Attorneys for Defendant, Safepoint Insurance Company**

## C E R T I F I C A T E

I hereby certify on the 12th day of February, 2024, that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ John A. Doran*

**NICHOLAS P. ARNOLD**
**JOHN A. DORAN**