UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLENN WASHINGTON | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4054 |
| SAFEPOINT INSURANCE COMPANY | * | SECTION "G" (2) |

### ORDER AND REASONS

Pending before me is Defendant Safepoint Insurance Company's Second Motion to Compel Inspection. ECF No. 40. This Court previously denied Safepoint's Motion to Compel Inspection for procedural reasons (ECF No. 32), which Safepoint has now remedied. This motion was scheduled for submission on Wednesday, June 5, 2024. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, May 28, 2024. *See* E.D. La. L.R. 7.5. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, the lack of opposition, and the applicable law, Defendant's Second Motion to Compel Inspection (ECF No. 23) is GRANTED for the reasons stated herein.

I.  **BACKGROUND**

Plaintiff Glenn Washington filed this Hurricane Ida suit on August 24, 2022 against Defendant Safepoint Insurance Company alleging bad faith and breach of contract. ECF No. 1-2. Pursuant to the Court's Case Management Order governing Hurricane Ida claims, as amended, the case was returned to the court's docket on May 15, 2023. ECF No. 13.

Defendant now seeks to inspect Plaintiff's property, asserting Plaintiff's public adjuster's December 30, 2023 supplemental report reflects a significantly larger amount of loss than previously claimed and included various structural issues not included in the initial report, thus a

1

property inspection is necessary and relevant to the Plaintiff's claims. ECF No. 40-1 at 1-2. Defendant further argues that it should be permitted to inspect Plaintiff's property because the relevant insurance policy permits Defendant to inspect Plaintiff's damaged property as often as it reasonably requires and Rules 34(a)(2) and 37(a)(3)(B) permit a party to seek an Order compelling inspection. *Id*. at 3-4. Defendant further explains that it cured the prior procedural deficiencies by properly serving the request with at least 30 days' notice. *Id.* at 2-3.

II.     **APPLICABLE LAW AND ANALYSIS**

Rule 34(a)(2) provides that a party "may serve on any other party a request" to enter onto "designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect ... the property."[1] The request must (1) describe with reasonable particularity each item or category of items to be inspected and (2) specify a reasonable time, place, and manner for the inspection and for performing the related acts.[2] The party to whom the request is directed must respond in writing within 30 days after being served or, if the request was delivered under Rule 26(d)(2), within 30 days after the parties' first Rule 26(f) conference. If a responding party does not agree to an inspection, the requesting party "may move for an order compelling disclosure or discovery."[3] The resisting party must show why an inspection would be "irrelevant, overly broad, unduly burdensome or oppressive."[4]

In support of its motion, Defendant attaches a letter dated February 8, 2024 enclosing a Request for Inspection of Plaintiff's property. ECF No. 40-7 at 2. The attached Request for Inspection properly identifies the subject of inspection and provides a date at least 30 days after

---

[1] FED. R. CIV. P. 34(a)(2).
[2] *Id*. at 34(b)(1)(A)-(B).
[3] *Id*. at 37(a).
[4] *Stanton 4433 Owners Assoc. v. State Farm Lloyds*, No. 20-280, 2022 WL 17752218, at *3 (W.D. Tex. Sept. 6, 2022) (quoting *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019)).

service. *Id.* at 3-4. Although Plaintiff's counsel has suggested that the Request for Inspection was not served timely because he did not receive it until April 12, 2024 (ECF No. 40-9 at 1-2), service by mail is effective upon mailing, not receipt. FED. R. CIV. P. 5(b)(2)(C). Accordingly, Defendant properly issued and served the Request for Production.

Defendant's motion is well founded, and Plaintiff has failed to articulate any justifiable basis to deny the request for inspection. Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Second Motion to Compel Inspection (ECF No. 40) is GRANTED.

New Orleans, Louisiana, this __5th__ day of June, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE